UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

ALKEIA BARNES,

              Defendant.

- - - - - - - - - - - - - - - - x

ORIGINAL

SEALED INDICTMENT

22 Cr. _____ (___)

**22 CRIM 307**

The Grand Jury charges:

## OVERVIEW

1. The charges set forth herein arise from a scheme whereby ALKEIA BARNES, the defendant, while employed as a correction officer by the New York City Department of Correction ("DOC"), smuggled contraband into Rikers Island ("Rikers"), a DOC jail complex, for a Rikers inmate ("CC-1") and that inmate's associate ("CC-2"), in exchange for bribes facilitated and paid to BARNES by CC-1, CC-2, and others.

2. Over the course of approximately eight months, from in or about September 2021 up to and including in or about April 2022, ALKEIA BARNES, the defendant, CC-1, and CC-2, conspired to smuggle contraband, including cellphones, into Rikers on numerous occasions, for which CC-1 and CC-2 paid BARNES approximately $7,500 in bribes.

## Factual Background

### Rikers

3. Rikers is a jail complex managed by the DOC. The DOC receives more than $10,000 per year from the federal government. Rikers consists of approximately ten facilities, including the George R. Vierno Center ("GRVC").

4. The DOC employs thousands of correction officers at Rikers. The primary duty of Rikers correction officers is to ensure the care, custody, and control of the inmate population of the DOC, including by complying with all rules and regulations governing DOC operations and facilities. Under DOC's rules and regulations, Rikers correction officers are prohibited from accepting gifts or favors from inmates. Rikers correction officers are also prohibited from providing inmates with contraband and introducing contraband into Rikers. Contraband includes, among other things, cellphones, scalpels, razor blades, marijuana, and narcotics.

### The Defendant, CC-1, and CC-2

5. At all times relevant to this Indictment, ALKEIA BARNES, the defendant, was a Rikers correction officer employed by the DOC. BARNES maintained and used an account associated with a certain electronic payment application ("Application-1").

6. At all times relevant to this Indictment, CC-1 was an inmate at Rikers who was assigned to housing unit 3A in GRVC.

2

CC-1 was moved to a facility other than Rikers in or about May 2022.

7. At all times relevant to this Indictment, CC-2, who was not incarcerated, maintained and used at least three accounts associated with Application-1.

The Contraband Smuggling Scheme

8. As set forth below, from at least in or about September 2021 up to and including at least in or about April 2022, ALKEIA BARNES, the defendant, CC-1, and CC-2, together with others known and unknown, carried out a scheme to smuggle contraband into Rikers. Specifically:

   a. Between in or about September 2021 and in or about October 2021, CC-2 paid BARNES, at CC-1's direction and using Application-1, approximately $7,500, via nine electronic payments.

   b. Between in or about September 2021 and in or about October 2021, BARNES introduced concealed items into Rikers for CC-1 on approximately nine occasions.

   c. On or about November 25, 2021, BARNES purchased a cellphone and introduced the cellphone into Rikers for CC-1 ("Contraband Cellphone-1"). Contraband Cellphone-1 was recovered from CC-1's housing unit at Rikers on or about December 27, 2021.

    d. On or about December 27, 2021, Rikers ordered BARNES to cease all contact with Rikers inmates. Despite this order, BARNES continued to meet with and speak with CC-1.

    e. On or about January 2, 2022, BARNES purchased a cellphone and introduced it into Rikers for CC-1 ("Contraband Cellphone-2"). Contraband Cellphone-2 was recovered from CC-1's housing unit at Rikers on or about January 14, 2022.

    f. On or about January 16, 2022, BARNES purchased a cellphone and introduced it into Rikers for CC-1 ("Contraband Cellphone-3"). Contraband Cellphone-3 was recovered from CC-1's housing unit at Rikers on or about January 30, 2022.

    g. Between in or about September 2021 and in or about November 2021, CC-1 and CC-2 received approximately $40,980 in electronic payments via Application-1, including from Rikers inmates or their associates.

## STATUTORY ALLEGATIONS

### COUNT ONE
(Conspiracy to Commit Federal Crimes)

  The Grand Jury further charges:

  9. The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth herein.

  10. From at least in or about September 2021 up to and including at least in or about April 2022, in the Southern District

4

of New York and elsewhere, ALKEIA BARNES, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit: (1) bribery, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2); and (2) honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.

    11. It was a part and an object of the conspiracy that ALKEIA BARNES, the defendant, being an agent of a government agency that received, in a one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, the DOC, corruptly would and did solicit and demand for the benefit of another person, and accept and agree to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such government agency involving a thing of value of $5,000 and more, in violation of Title 18, United States Code, Section 666(a)(1)(B).

    12. It was further a part and an object of the conspiracy that ALKEIA BARNES, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive her employer of the right to her honest services, would and did transmit and cause to be

transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346.

Overt Acts

13. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. Between in or about September 2021 and in or about October 2021, ALKEIA BARNES, the defendant, while employed as a correction officer at Rikers, received approximately $8,500 via Application-1 from CC-1 and CC-2.

b. Between in or about September 2021 and in or about October 2021, BARNES, while employed as a correction officer at Rikers, introduced concealed items into Rikers for CC-1 on approximately nine occasions.

c. On or about November 25, 2021, BARNES purchased and introduced Contraband Cellphone-1 into Rikers for CC-1.

d. On or about January 2, 2022, BARNES purchased and introduced Contraband Cellphone-2 into Rikers for CC-1.

e.   On or about January 16, 2022, BARNES purchased and introduced Contraband Cellphone-3 into Rikers for CC-1.

(Title 18, United States Code, Section 371.)

### COUNT TWO
### (Bribery)

The Grand Jury further charges:

14.   The allegations contained in paragraphs 1 through 8 and 13 of this Indictment are repeated and realleged as if fully set forth herein.

15.   From at least in or about September 2021 up to and including at least in or about March 2022, in the Southern District of New York and elsewhere, ALKEIA BARNES, the defendant, being an agent of a government agency that received, in a one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, DOC, did corruptly solicit and demand for the benefit of another person, and did accept and agreed to accept a thing of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such government agency involving a thing of value of $5,000 and more, to wit, BARNES in her capacity as a Rikers correction officer employed by the DOC,

accepted and agreed to accept cash payments from CC-1 and CC-, in exchange for smuggling contraband into Rikers.

(Title 18, United States Code, Sections 666(a)(1)(B) and 2.)

## COUNT THREE
### (Honest Services Fraud)

The Grand Jury further charges:

16. The allegations contained in paragraphs 1 through 8 and 13 of this Indictment are repeated and realleged as if fully set forth herein.

17. From at least in or about September 2021 up to and including at least in or about March 2022, in the Southern District of New York and elsewhere, ALKEIA BARNES, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive her employer of the right to her honest services, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, BARNES, in her capacity as a Rikers correction officer employed by the DOC, accepted and agreed to accept cash payments from CC-1 and CC-2 in exchange for smuggling contraband into Rikers, which exchange was facilitated through, among other things, interstate telephone calls and electronic messages.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

FORFEITURE ALLEGATION

18. As a result of committing the offenses alleged in Counts One through Three of this Indictment, ALKEIA BARNES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 981;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
DAMIAN WILLIAMS  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ALKEIA BARNES,

Defendant.

---

INDICTMENT

22 Cr. _____ (____)

(18 U.S.C. §§ 371, 666, 1343, 1346, and 2.)

DAMIAN WILLIAMS
United States Attorney

*[signature]*

Foreperson

---

6/1/22    Filed Sealed Indictment under seal
         Arrest warrant issued

                          USMJ MOSES
                                 MG