UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| United States of America | **Stipulated Protective Order** |
|---|---|
| v. | **22 Cr. 307 (JGK)** |
| Alkeia Barnes, | |
| Defendant. | |

Upon the application of the United States of America, with the consent of the undersigned counsel for Alkeia Barnes (the "defendant"), and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government intends to make certain disclosures to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Sensitive Disclosure Material / Tier-1.** Certain of the Government's disclosure material, referred to herein as the "sensitive disclosure material," contains or may contain material that (i) affects the privacy and confidentiality of individuals and certain entities; and/or (ii) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Disclosure materials that are either (a) designed in whole or in part as "Sensitive" or "Tier-1" by the Government in e-mails or communications to defense counsel or in the Government's discovery index, or (b) include a Bates or other label stating "Sensitive" or "Tier-1" shall be

deemed "Sensitive Disclosure Material." The Government's designation of Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Highly Sensitive Disclosure Material – Tier-2.** Certain of the Government's disclosure material, referred to herein as the "highly sensitive disclosure material," contains or may contain material that (i) affects the privacy, confidentiality of individuals and certain entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; and/or (v) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Disclosure materials that are either (a) designed in whole or in part as "Highly Sensitive" or "Tier-2" by the Government in e-mails or communications to defense counsel or in the Government's discovery index, or (b) include a Bates or other label stating "Highly Sensitive" or "Tier-2" shall be deemed "Highly Sensitive Disclosure Material." The Government's designation of material as Highly Sensitive Disclosure Material will be controlling absent contrary order of the Court.

4. **Attorney's Eyes Only ("AEO") Material.** Certain of the Government's disclosure material may raise a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals. Discovery materials produced by the Government to the defense that are either (i) designated in

2

whole or in part as "AEO" by the Government in emails or communications to defense counsel; or (ii) that include a Bates or other label stating "AEO" shall be deemed "AEO Material."

5. **NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

6. Disclosure material shall be used by the defendant and defense counsel, including any successor counsel ("the defense"), solely for purposes of defending this criminal action.

7. **Sensitive Disclosure Material / Tier-1:**

   a. Shall be maintained in a manner to assure its security, confidentiality, and protected designation under this Order;

   b. May not be disseminated, by copies or otherwise, by the defendant;

   c. May be disclosed only by defense counsel and only to designated persons as set forth herein;

   d. May be disclosed to the defendant;

   e. May be disclosed to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel as needed for purposes of defending this action; and

   f. May be shown to, either in person, by videoconference, or via a read-only document review platform, to potential defense witnesses, as deemed necessary by defense counsel, for trial preparation, and only after such individual(s) have read and signed this Order acknowledging that such individual(s) are bound by this Order. The potential defense witnesses may not record any videoconference session in which sensitive information is discussed or displayed.

3

8. **Highly Sensitive Disclosure Material / Tier-2:**

   a. Shall be maintained in a manner to assure its security, confidentiality, and protected designation under this Order;

   b. May be disclosed only by defense counsel and only to designated persons as set forth herein;

   c. May not be disseminated, by copies or otherwise, by the defendant;

   d. Shall be reviewed and possessed by the defendant solely in the presence of defense counsel;

   e. May be disclosed to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel as needed for purposes of defending this action; and

   f. May be shown to, either in person, by videoconference, or via a read-only document review platform, but not disseminated to or provided copies of to, the defendant and potential defense witnesses, to the extent deemed necessary by defense counsel, for trial preparation, and only after such individual(s) have read and signed this Order acknowledging that such individual(s) are bound by this Order. The defendant and potential defense witnesses may not record any videoconference session in which sensitive information is discussed or displayed.

9. **AEO Material:**

   a. The restrictions on AEO Material are the same as the restrictions on Highly Sensitive Disclosure Material / Tier 2, except that AEO material shall not be disclosed to or possessed by the defendants, and may only be disclosed to defense counsel and personnel for

whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

10. The Government may authorize, in writing, disclosure of disclosure material, including Sensitive Disclosure Material, Highly Sensitive Disclosure Material, and AEO Material, beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material, Highly Sensitive Disclosure Material, and AEO Material, pertinent to any motion, filing, or submission before the Court shall initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

12. Except for disclosure material that has been made part of the record of this case (*i.e.*, filed with the Court), the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials. To the extent this paragraph conflicts with the New York Code of Professional Responsibility or attorneys' obligations to clients regarding the timing of file retention, however, the ethical rules govern.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by defense counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

14. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

15. The foregoing provisions shall remain in effect unless and until either (a) the Government and defense counsel mutually agree in writing otherwise; or (b) this Order is modified by further order of the Court.

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

[THIS PORTION OF THE PAGE IS INTENTIONALLY LEFT BLANK]

AGREED AND CONSENTED TO BY:

DAMIAN WILLIAMS
United States Attorney

By: /s/ Jane Kim                          Date: 7/12/2022
    Jane Kim
    Assistant United States Attorney


ALKEIA BARNES
Defendant

By: /s/ Brianna Gallo                     Date: 7/12/2022
    Brianna Gallo, Esq.
    Martin Cohen, Esq.
    Counsel for Alkeia Barnes


SO ORDERED:

Dated:   New York, New York
           July 12, 2022

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

7